**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

IN RE: REGISTRATION OF
FOREIGN JUDGMENT
(entered in <u>Orso v. Disner, et. al</u>,
No. 3:14-cv-91-GCM (W.D. N.C.))
_____/

Case No. 3:21-mc-5-MMH-JRK

**O R D E R**

This cause is before the Court on the Motions for Writ of Garnishment and Memorandum of Law (Doc. Nos. 2 and 3; "Motions"), both filed September 10, 2021. In the Motions, Movant Matthew Orso, as Successor Trustee to Kenneth D. Bell in his capacity as Court-Appointed Receiver for Rex Venture Group, LLC, ("Movant") seeks entry of writs of garnishment directed toward Fifth Third Bank, N.A. and JP Morgan Chase Bank, N.A. ("Garnishees"), in the amount of $54,737.04. Motions at 1, 3. A Final Judgment (Doc. No. 1-1; "Judgment") was entered against Defendant Elizabeth H. Sepper in that amount on August 14, 2017.[1] The certified judgment was registered in this Court on January 26, 2021. <u>See</u> Clerk's Certification of a Judgment to be Registered in Another District (Doc. No. 1); <u>see also</u> 28 U.S.C. § 1963 (providing that "[a] judgment in an action for the recovery of money or property entered in

---

[1] The total judgment amount ($54,737.04) was awarded as follows: "$40,758.78 in net winnings from the ZeekRewards scheme and $13,978.26 in prejudgment interest." Judgment at 1.

any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district" and when registered, "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner"). In support of his request for a writ of garnishment, Movant states:

> [He] believes that Garnishee is or may be indebted to Defendant or has tangible or intangible personal property of the Defendant in its hands, possession or control within the Middle District of Florida sufficient to satisfy the judgment in whole or in part and requests that the Clerk of this Court issue a Writ of Garnishment demanding the Garnishee to answer according to the applicable law.

Motions at 2.

> Rule 69(a)(1), Federal Rules of Civil Procedure, provides as follows:
>
> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution– must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1); see also Fed. R. Civ. P. 64.  Because this district is in the State of Florida, Florida law applies in executing the judgment and in garnishment proceedings.

Florida law provides that "[e]very person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment . . . ." Fla. Stat. § 77.01.  To obtain a writ of garnishment after judgment is entered, a plaintiff must file a motion

2

"stating the amount of the judgment." Fla. Stat. § 77.03; see also Fla. Stat. § 77.04 (setting out the formal requirements for a writ of garnishment). Movant has satisfied this requirement by filing the instant Motions. After due consideration, it is

**ORDERED**:

1. The Motions for Writ of Garnishment and Memorandum of Law (Doc. Nos. 2 and 3) are **GRANTED**.

2. The Clerk of the Court is directed to issue the Writs of Garnishment attached as exhibits to the Motions (Doc. Nos. 2-1 and 3-1) against the Garnishees, Fifth Third Bank, N.A. and JP Morgan Chase Bank, N.A.[2]

**DONE AND ORDERED** at Jacksonville, Florida on October 6, 2021.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

keh
Copies:
Counsel of Record for Movant

---

[2] In doing so, the Clerk shall strike the directives "To State of Florida: To Each Sheriff of the State and the U.S. Marshals Service" and insert "To any person authorized to serve this Writ of Garnishment."