United States District Court
Middle District of Florida
Jacksonville Division

**MATTHEW ORSO &
NATIONWIDE JUDGMENT RECOVERY, INC.,**

    *Plaintiffs,*

v.                                      No. 3:21-mc-5-MMH-PDB

**ELIZABETH H. SEPPER,**

    *Defendant.*

---

## Order Granting Motions for
## Issuance of Writs of Garnishment

In 2017, the United States District Court for the Western District of North Carolina entered judgment in favor of Kenneth Bell (a court-appointed receiver) and against Elizabeth H. Sepper (a class defendant there and the judgment debtor here) for $54,737.04 plus post-judgment interest. Docs. 1-1, 1-2.

Matthew Orso—Bell's successor, Doc. 1-5, and the judgment creditor here—registered the judgment here, Doc. 1, and Nationwide Judgment Recovery, Inc.—Orso's assignee, Doc. 1-3—now moves for the issuance of post-judgment writs of garnishment to Bank of America, N.A., and Citibank, N.A. (the garnishees here), each for $54,737.04. Docs. 11, 12. Orso believes the garnishees are or may be indebted to Sepper or possess or control personal property of Sepper sufficient to satisfy at least part of the judgment. Doc. 11 ¶ 5; Doc. 12 ¶ 5. Nationwide asks the Court to issue a writ of garnishment to each garnishee and require each garnishee to answer the writ. Docs. 11-1, 12-1.

"A money judgment is enforced by writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). "The procedure on execution … must accord with the procedure of the state where the court is located[.]" *Id.*

Florida grants a right to a writ of garnishment to "[e]very person or entity who … has recovered judgment in any court against any person or entity." Fla. Stat. § 77.01. The judgment creditor must file a motion "stating the amount of the judgment." *Id.* § 77.03. A writ of garnishment must state the amount stated in the motion and "require the garnishee to serve an answer on the plaintiff [(the judgment creditor)] within 20 days after service of the writ stating": (1) "whether the garnishee is indebted to the defendant [(the judgment debtor)] at the time of the answer, or was indebted at the time of service of the writ, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times"; (2) "in what sum and what tangible or intangible personal property of defendant the garnishee has in [its] possession or control at the time of [its] answer, or had at the time of the service of the writ, or at any time between such times"; and (3) "whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control." *Id.* § 77.04.

"[I]f the defendant is an individual, the clerk of the court shall attach to the writ" a "Notice to Defendant" with particular language. *Id.* § 77.041(1). The plaintiff must mail, by first class, a copy of the writ, a copy of the motion, and, if the defendant is an individual, the notice, "within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later." *Id.* § 77.041(2).

Upon service of a writ of garnishment, the garnishee becomes "liable for all debts [it owes] to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer." *Id.* § 77.06(1).

Here, Orso is the trustee of the judgment against Sepper, Docs. 1, 1-1, 1-5, and, for each garnishee, his assignee Nationwide has filed a motion stating the amount of the judgment, Docs. 11, 12. Nationwide also provides proposed writs. Docs. 11-1, 12-1. The Court modifies them to comply with Fla. Stat. § 77.04, modifies language in the proposed notices to match the language in § 77.041(1), and removes from the writs the paragraph advising the garnishees that "failure to file an answer within the time required may result in the entry of judgment against the garnishee[s] for the above total amount of $54,737.04, plus interest, costs, and attorney's fees," Docs. 11-1 at 2, 12-1 at 2 (emphasis and capitalization omitted), because Nationwide provides no authority for that language.

Determining that issuance of the writs of garnishment is warranted, the Court:

1. **grants** the motions for the issuance of post-judgment writs of garnishment to Bank of America and Citibank, Docs. 11, 12; and

2. **directs** the Clerk of Court to issue the attached writs of garnishment and attach the notice (also attached) to each writ.

**Ordered** in Jacksonville, Florida, on March 2, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

3

Attachments:

(1) Writ of Garnishment to Bank of America, N.A.
(2) Writ of Garnishment to Citibank, N.A.
(3) Notice to Defendant of Right Against Garnishment of Wages, Money, and Other Property